**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC MICHAEL STOBIE,

          Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL,** Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.   16-35135

D.C. No. 3:15-cv-05539-MAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted May 12, 2017***

Before: NELSON, TROTT and OWENS, Circuit Judges

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     Nancy A. Berryhill is substituted for her predecessor as Acting Commissioner of the Social Security Administration. Fed. R. App. P. 43(c)(2).

    ***     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Eric Stobie appeals the district court's order affirming the Commissioner of Social Security's denial of Stobie's application for Title II disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ's credibility finding was not impermissibly general. The ALJ identified the relevant testimony, immediately rejected the testimony as not credible, discussed the relevant objective medical evidence, and summarized the two reasons for rejecting the testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." (citation and internal quotation marks omitted)).

Nor did the ALJ's credibility finding impermissibly rely exclusively on a lack of medical evidence. The ALJ gave two specific and legitimate clear and convincing reasons for rejecting Stobie's testimony. First, there was insufficient objective medical evidence to establish disability during the insured period. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Second, Stobie's subjective symptom testimony conflicted with the objective medical evidence. Specifically,

2

the medical treatment records from the insured period and the months soon thereafter demonstrated that Stobie's symptoms were mild, and Stobie's treating physician opined that Stobie could perform sedentary work eight months after his last insured date. *Molina*, 674 F.3d at 1113 (the ALJ can reject symptom testimony that is inconsistent with the objective medical evidence); *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (treating physician opinions are entitled to the greatest weight).

**AFFIRMED.**